## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HENG REN INVESTMENTS LP,<br><br>        Plaintiff,<br><br>    v.<br><br>SINOVAC BIOTECH LTD. and<br>WEIDONG YIN,<br><br>        Defendants. | Civil Action No. _____ |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE THAT Defendant Sinovac Biotech Ltd. ("Sinovac"), hereby removes this action from the Superior Court of the Commonwealth of Massachusetts for Suffolk County to the United States District Court for the District of Massachusetts.[1] This removal arises under 28 U.S.C. §§ 1332, 1441, 1446(a), and 1446(c).

As grounds for removal, Sinovac states as follows:

1. On or about May 31, 2019, Heng Ren Investments LP ("Plaintiff") filed a Complaint and Civil Action Cover Sheet captioned <u>Heng Ren Invetments LP v. Sinovac Biotech Ltd. and Weidong Yin</u>, Civil Action No. 1984CV01752 (the "Complaint") in the Superior Court of the Commonwealth of Massachusetts, County of Suffolk ("the State Court Action").

---

[1] Defendant appears specifically for the purpose of removal only and reserves all defenses as to jurisdiction, service, or otherwise that may be available in this action.

2.  On or about June 3, 2019, the Clerk of the Superior Court of the Commonwealth of Massachusetts, County of Suffolk, issued a summons to Sinovac and Weidong Yin.

3.  On or about June 4, 2019, the Superior Court of the Commonwealth of Massachusetts, County of Suffolk, accepted the State Court Action into the Business Litigation Session.

4.  The aforementioned documents constitute all of the process and pleadings delivered to Sinovac in the State Court Action.  Pursuant to 28 U.S.C. § 1446(a), copies of the documents are attached as follows: the Complaint (Ex. A); the Civil Cover Sheet (Ex. B); and the Summons (Ex. C).

5.  On or about June 25, 2019, Plaintiff purported to serve the Summons and Complaint upon Sinovac in Antigua, pursuant to Rule 4(e) of the Massachusetts Rules of Civil Procedure and the 1965 Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention").

6.  As of this date, Sinovac has not pled, answered, or otherwise appeared in the State Court Action. Furthermore, Sinovac does not consent to personal jurisdiction in this Court nor the Superior Court of the Commonwealth of Massachusetts, County of Suffolk.

7.  Plaintiff's Complaint in the State Court Action alleges a breach of fiduciary duty and wrongful equity dilution of Plaintiff's shares of Sinovac.

8.  Plaintiff's Complaint in the State Court Action purportedly seeks damages in excess of $75,000 to be determined at trial.

9.  Upon information and belief Plaintiff, a Massachusetts limited partnership based in Boston, is a citizen of the Commonwealth of Massachusetts.

10. At the time of the commencement of the State Court Action, Sinovac was, and is now, a corporation organized under the laws of Antigua, with its principal place of business in China. Upon information and belief, Sinovac believes that Mr. Yin is a citizen of the Peoples Republic of China.

11. Under 28 U.S.C. § 1332(a)(2) district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (2) citizens of a State and citizens or subjects of a foreign state."

12. By reason of the above facts: (a) the district courts of the United States have original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy, exclusive of interest and costs, exceeds $75,000; and (b) this case is removable pursuant to 28 U.S.C. § 1441(b);

13. Sinovac filed this Notice of Removal within thirty (30) days after the first purported service of Plaintiff's Summons and Complaint. Removal is therefore timely pursuant to 28 U.S.C. § 1446(b).

14. Based upon information and belief, Sinovac does not believe Mr. Yin has been properly served and submits this Notice of Removal to preserve his right to do so pursuant 28 U.S.C. § 1446. Should Mr. Yin receive proper service, Sinovac will seek his consent.

15. No previous application has been made for the relief requested herein.

16. A copy of this Notice of Removal (with exhibits) will be filed with the Superior Court of

the Commonwealth of Massachusetts, County of Suffolk, and will be served on

Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Sinovac respectfully removes to this Court the action now pending in the

Superior Court for the Commonwealth of Massachusetts for Suffolk County, Civil Action No.

1984CV01752.

Dated: July 25, 2019                          Respectfully submitted,

                                              **LATHAM & WATKINS LLP**

                                              _/s/ William J. Trach_____
                                              William J. Trach (BBO # 661401)
                                              200 Clarendon Street
                                              Boston, MA 02116
                                              P: 617-948-6000
                                              william.trach@lw.com


                                              J. Christian Word (*pro hac vice to be
                                              requested*)
                                              Clayton LaForge (*pro hac vice to be
                                              requested*)
                                              555 Eleventh Street NW, Suite 1000
                                              Washington, DC 20004
                                              P: (202) 637-2200
                                              christian.word@lw.com
                                              clayton.laforge@lw.com

                                              *Attorneys for Sinovac Biotech Ltd.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of this document was served by first class mail on July 25, 2019 upon the following counsel of record for Plaintiff:

James E. Grumbach, Esq.
Boston Law Collaborative, LLC
80 William Street
Wellesley, MA 02481

/s/ William J. Trach
William J. Trach