UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HENG REN INVESTMENTS LP,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SINOVAC BIOTECH LTD. and<br>WEIDONG YIN,<br><br>　　　　　　Defendants. | Civil Action No. 1:19-cv-11612-NMG |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION AND IN THE ALTERNATIVE FOR CERTIFICATION UNDER 28 U.S.C. §1292(b) AND FOR A STAY OF PROCEEDINGS**

...

Plaintiff, Heng Ren Investments, L.P. ("Plaintiff" or "Heng Ren") submits this Opposition to Defendants' Motion for Reconsideration and in the Alternative for Certification under 28 U.S.C. §1292(b) and For a Stay of Proceedings (the "Motion to Reconsider").

This is the third bite at the apple for Sinovac with regard to dismissal. Sinovac, a China-headquartered pharmaceutical company that is technically organized under the laws of Antigua and Barbuda, initially sought to avoid this Court's jurisdiction despite having affirmatively availed itself of this Court (and the U.S. court system in general) to bring a related suit against another company in Massachusetts. The Court rightly rejected that effort. The Court then, after a second round of motion to dismiss briefing, held that, even under Antigua law—which Sinovac urged was controlling—the Plaintiff's Amended Complaint sufficiently stated a claim under Fed.R.Civ.P. 12(b)(6) for shareholder oppression, a cause of action delineated in Section 204 of the IBCA.[1] ECF 58 at 15. The court looked to the substance of Heng Ren's claim, not the label (ECF 58, at 12), given that Sinovac sought to apply foreign law. The substance of Heng Ren's claim clearly alleges unfair and oppressive conduct towards Heng Ren, a shareholder who is entitled to bring a claim under the statute. As the Court stated: "[c]onsidering the IBCA in light of [the Canadian Supreme Court case] *BCE* [, *Inc., v. 1976 Debenture Holders*][2] *and the pleading requirements of Fed.R.Civ.P. 12(b)(6)*," Heng Ren has stated a claim under IBCA 204 (ECF 58, at p. 15) (emphasis added).

The Court's decision was correct, well-reasoned and should stand. The conduct alleged in Heng Ren's Amended Complaint clearly suffices to meet the threshold of oppressive conduct under Antiguan law, which both parties' experts briefed at length. Heng Ren has now survived

---

[1] All terms previously abbreviated in prior briefing retain those abbreviations herein.

[2] 2008 3 S.C.R. 560 (Can).

two motions to dismiss over two years and should be permitted to move its case forward. To be sure, Heng Ren as a shareholder has been directly, seriously harmed and oppressed by virtue of Defendants' conduct and its reasonable expectations severely undermined: it has been left unable to publicly trade its shares in Sinovac since 2019, all while watching Sinovac, in which Heng Ren invested in tens of thousands of shares, first massively dilute those shares, and later derive the huge monetary benefits of a Covid vaccine beginning in 2020, all as Heng Ren's shares remain frozen at a price far below any rational trading price. Section 204, the direct oppression remedy, is clearly applicable to such a situation, regardless of the legal parsing in which Defendants now engage.

Sinovac's alternative requested relief of certification to appeal the Court's interlocutory ruling runs directly afoul of the First Circuit's long-standing policy of refusing to grant such requests from denials of motions to dismiss, in particular. There being no basis for either of Sinovac's requests, they should be denied, no stay should enter, and the case should be allowed to proceed at long last.

**I.    SINOVAC'S MOTION FOR RECONSIDERATION SHOULD BE DENIED**

A motion for reconsideration is not the venue to undo procedural snafus *or permit a party to advance arguments he should have developed prior to judgment. See Woo v. Spackman*, 988 F.3d 47 (1st Cir. 2021) (emphasis added). The standard governing a motion for reconsideration is related to the rule of waiver, which provides that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir.1990); *see also Coopersmith v. Lehman Bros., Inc.*, 344 F. Supp.2d 783, 790 n. 5 (D.Mass.2004) (adopting a magistrate judge's report and recommendation, which stated that "as the First Circuit has repeatedly held ... arguments raised only in a footnote or

in a perfunctory manner are waived" (internal quotation marks omitted)); *Pacamor Bearings, Inc. v. Minebea Co., Ltd.*, 892 F. Supp. 347, 355 n. 8 (D.N.H.1995) ("because this argument was not properly raised and briefed in defendants' motion, the court will not consider it here"). "It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work." *Zannino*, 895 F.2d at 17. Rather, "a litigant has an obligation to spell out its arguments squarely and distinctly, or else forever hold its peace." *Id.* (internal quotation marks omitted); *De Giovanni v. Jani-King Int'l, Inc.*, 968 F. Supp. 2d 447, 450 (D. Mass. 2013).

As set out below, Sinovac's Motion to Reconsider marshals an essentially new argument that it neither presented nor developed in two prior sets of briefing (including reply memoranda).

*A. Sinovac Did Not Develop Its Current Argument In Any Meaningful Way And Has Waived the Right to Bring it Now.*

Sinovac's argument for reconsideration—that the Court correctly looked to Canadian law to assist its analysis of the Antigua statute, but apparently did not look hard enough—boils down to an effort to have this Court consider a discrete argument over the application of IBCA 204 that Sinovac itself failed to raise in any meaningful way during two rounds of briefing on its motion to dismiss. This Court, though it was not required to, has afforded Sinovac two separate opportunities already to present the relevant law. Sinovac now makes a third attempt, which should not be permitted. Tellingly, Sinovac's reconsideration motion relies heavily on cases it did not cite or mention in its primary brief, its expert declaration or the reply brief it was granted leave to file. ECF 46, 47; 52-1, 52-2. The latest effort does not alter the basic, correct analysis applied by the Court and furnishes no grounds for disturbing the Court's carefully crafted opinion denying, in part, Sinovac's motion to dismiss.

In Sinovac's second motion to dismiss, it argued that "the Court need not attempt to predict how the [Antiguan] High Court would treat Heng Ren's claims" (presumably on the

3

derivative/direct issue), because Sinovac argued that Section 204 required the action to be brought in Antigua. (ECF 46 at p.6). Now that that issue has been resolved against it, Sinovac attempts to parse rulings of Canadian courts that it all but ignored until now. Sinovac contends that the Court "properly" looked to Canadian law, but apparently argues that the Court did not sufficiently "explicate" such law in its fifteen-page opinion. (ECF 65 at p. 1). Yet, Sinovac itself failed to provide this explication, or even any material reliance on Canadian law, in its motion to dismiss and reply brief, thereby waiving the ability to argue it now.

Moreover, Sinovac misconstrues the nature of the Court's Order: the Court cited to *BCE*, the leading Canadian case from Canada's highest court, and did so while keeping in mind "the pleading requirements of Fed.R.Civ.P. 12(b)(6)," before concluding that Heng Ren has stated a claim under 204. (Order at 15). Defendant seemingly seeks to raise the pleadings standards under 12(b)(6) beyond what is required. Defendants do not seriously contest the holding in *BCE* – rather, for the first time they cite *Jaguar Financial Corp. v. Alternative Earth Resources, Inc.*, 2016 BCCA 193, par. 183 (Can. B.C. C.A.) for the proposition that *BCE* "cannot be interpreted as authority to collapse the distinction between oppression and derivative actions" and that the minority shareholder must suffer adverse effects to their personal interests distinct from losses suffered by the Company and/or all shareholder as a collective. The IBCA, by its plain text, provides for no such requirement and speaks in broad, equitable language as made clear in *BCE* – in any event, this discrete issue was not argued in the Defendants' first two Motions to Dismiss and accordingly has been waived. Regardless, Heng Ren has suffered personal losses and clearly stated in its Amended Complaint that it is bringing a direct claim. *See, e.g.*, ECF 39 at ¶86. Sinovac seeks to go far beyond the pleadings to a factual determination not ripe for adjudication at this stage of the proceedings.

### B. Sinovac Failed to Carry its Additional Burden of Providing a Basis for This Court to Consider its New Arguments Based on Foreign Law.

This Court already reminded Sinovac that, when raising an issue of foreign law, the burden is on the party seeking to apply foreign law to prove the relevant legal principles thereof. (ECF 40 at p. 15, citing authority). This Court has elsewhere recently stated:

> "It is, however, the proponent of foreign law who bears the burden of 'outlin[ing] the substance of that law with reasonable certainty', *Sexual Minorities Uganda v. Lively*, 960 F. Supp. 2d 304, 332 (D. Mass. 2013), and parties who fail to provide requisite notice of foreign law waive their right to have it applied, *see Carey v. Bahama Cruise Lines*, 864 F.2d 201, 205 (1st Cir. 1988)."

*Woods Hole Oceanographic Inst. v. ATS Specialized, Inc.*, No. CV 17-12301-NMG, 2022 WL 980178, at *11 (D. Mass. Mar. 29, 2022)(Gorton, J.). Sinovac had every opportunity to provide sufficient explication of its interpretation of Canadian law as applied to this case, in both its first and second motions to dismiss, over a period of multiple years, yet did not do so. The Court need not reconsider its well-reasoned opinion on that issue, especially where it already advised Sinovac of its burden in this regard and where the Court's ultimate decision is legally correct. Additionally, while Sinovac will have future opportunities to argue the merits as the case may dictate, dismissal would deprive Heng Ren of its opportunity for discovery concerning the serious allegations contained in the Amended Complaint.

### C. Delaware Law Does Not Control this Case

The Defendants next take us to Delaware looking for support of their position – citing *Brookfield Asset Mgmt., Inc. v. Rosson*, 261 A.3d 1251 (Del. 2021). Notably, the Defendants make no assertions that Antigua courts would look to Delaware law for guidance in interpreting the IBCA – or that Delaware corporate laws relating to shareholder oppression claims are similar

5

to the those in the IBCA. While the *Brookfield* Court may have raised the bar on the criteria for bringing a direct action for a company incorporated ***in Delaware***, the decision has been clarified by a subsequent Chancery Court decision. In *In Re MultiPlan Corp Stockholder Litig.*, 268 A.3d 784 (Jan. 3, 2022) the Chancery Court noted that the *Brookfield* Court was influenced in its decision by the possibility of a "double recovery" for shareholders who bring direct actions and derivative actions based upon the same wrong. As there are no derivative claims in this litigation, this danger does not present itself.

Again, Sinovac did not previously argue that Delaware law controls the IBCA-based oppression claims in this case (nor did Sinovac previously make arguments based upon Canadian law). In fact, Satcha S-C. Kissoon, Sinovac's expert on foreign law, stated in his declaration that "[w]ith respect to the claims asserted in this matter, the IBCA is unambiguous, and therefore English common law is inapplicable."[3] ECF 47 at ¶ 5. Further, Mr. Kissoon stated "[i]n the instant case, and on a textual interpretation of the relevant provisions of the IBCA, there is and can be no ambiguity or doubt that the High Court of Antigua is the forum to hear and determine the matters raised by the Plaintiff. Therefore, in my expert opinion, the English common law is not needed for interpretative guidance." Mr. Kissoon later asserts that "[…] Section 204 concerns shareholder oppression remedies and permits shareholders *to pursue a direct action*." ECF 47 at ¶ 29 (emphasis added). Therefore, not only did Sinovac fail to develop an argument that Heng Ren's claim under 204 is actually derivative, its own prior submissions contradict its new position.[4]

---

[3] By extension, Canadian and Delaware law would seem to fall within this statement as well. Neither body of law is materially argued in the remainder of Mr. Kissoon's Declaration.

[4] Mr. Kissoon also submitted a second Declaration in response to that of Plaintiff's expert, Professor Leslie Thomas, QC. ECF 52-2. There does not appear to be any substantive reliance on either Canadian or Delaware law in that declaration either, despite the fact that Prof. Thomas clearly delineated the applicability of the *BCE* case in his own Declaration, which the Court then relied upon.

Nor did it bring the *Brookfield* case to this Court's attention in the approximately six (6) months between its publication and this Court's ruling – if the case were somehow controlling, certainly Sinovac could and should have raised it earlier. Sinovac failed to prove the foreign law argument it now seeks to make regarding the treatment of direct versus derivative claims. Where there is failure of proof of foreign law, the court may presume that it is same as *local law.  In re Parmalat*, S.D.N.Y.2005, 383 F.Supp.2d 587 (emphasis added). If local, Massachusetts law were to apply, this case without question is direct under *In re PHC, Inc. S'holder Litig.*, 894 F.3d 419, 431 (1st Cir. 2017)as repeatedly pointed out by Heng Ren (a Massachusetts entity) in its Opposition briefing. ECF 50 at pp. 11-13.

In any event, the Court's interpretation of the *BCE* case is correct with respect to the types of claims that constitute oppression. is the Court's order is also in line with Sinovac's expert testimony which expressly acknowledges a direct action being available under Section 204.

## II. THE ALTERNATIVE MOTION TO CERTIFY THE INTERLOCUTORY ORDER FOR APPEAL FAILS

Sinovac's motion for certification to appeal from an interlocutory order is similarly unavailing. As a general rule, specifically with respect to denials of motions to dismiss, the First Circuit does not grant interlocutory appeals. *Caraballo-Seda v. Municipality Of Hormigueros*, 395 F.3d 7, 9 (1st Cir. 2005) (vacating order granting interlocutory appeal as improvidently granted). The First Circuit has a long-held general rule prohibiting interlocutory appeals in these very cases. *Id., cited in, Toxics Action Ctr., Inc. v. Casella Waste Sys., Inc.*, 365 F. Supp. 3d 212, 214 (D. Mass. 2019). The fact that appreciable trial time may be saved is not determinative, *Palandjian v. Pahlavi*, 782 F.2d 313, 314 (1st Cir. 1986), and neither is the fact that the case has tremendous implications or might materially advance the ultimate termination of the litigation.

*Caraballo-Seda v. Municipality Of Hormigueros*, 395 F.3d 7, 9, *citing Slade v. Shearson, Hammill & Co., Inc.*, 517 F.2d 398, 400 (2d Cir.1974).

Because certification under § 1292(b) is an extraordinary procedure, the party seeking it bears a heavy burden.. *United Air Lines, Inc. v. Gregory*, 716 F.Supp.2d 79, 89 (D.Mass.2010); *Dahl v. Bain Cap. Partners, LLC*, 983 F. Supp. 2d 185, 187 (D. Mass. 2013); *See In re Jackson Brook Inst., Inc*., 280 B.R. 1, 8 (D.Me.2002) (an argument that a court misapplied settled law does not justify a § 1292 appeal).

Under 28 U.S.C. § 1292(b), otherwise unappealable district court orders may be certified for interlocutory appeal, subject to the court's discretion, if (1) the order sought to be appealed "involves a controlling question of law"; (2) "there is substantial ground for difference of opinion" regarding that question of law; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).  Here, Sinovac's own expert agrees with the Court that Antigua law, and specifically the IBCA, is the controlling law.  Sinovac has not furnished any good reason to depart from the long-standing practice in the First Circuit with regard to interlocutory appeals from denials of motions to dismiss, where the primary law is clear and the parties are able proceed accordingly.

Moreover, regardless of Sinovac's current efforts to point out additional case law, the Court *still* must take all reasonable inferences in favor of the non-movant.  In this case, the well-pleaded allegations in the Amended Complaint clearly delineate a claim for oppression, which Heng Ren should be permitted to pursue.

**IV.    CONCLUSION**

For the reasons set forth above, Plaintiff respectfully requests that the Court deny Defendants' Motion for Reconsideration and its Motion to Certify the Interlocutory Order for Appeal and its Motion to Stay Litigation.

Dated: April 4, 2022                    Respectfully submitted,


/s/ *Stephen Ryan, Jr.*
Stephen Ryan, Jr. (BBO #669727)
Mark Delaney (BBO # 652194)
**RYAN LITIGATION AND ADVOCACY PLLC**
1167 Massachusetts Ave.
Arlington, MA 02476
Tel.: 617-762-5788
sryan@ryan-litigation.com
***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify that on April 4, 2022, a true and correct copy of the foregoing document was served electronically through the ECF system on all counsel of record.


 /s/ *Stephen Ryan, Jr.*

9

                    Stephen Ryan, Jr.