**United States District Court**
**District of Massachusetts**

```
                                )
Heng Ren Investments LP,        )
                                )
          Plaintiff,            )
                                )
          v.                    )
                                )      Civil Action No.
Sinovac Biotech Ltd., et al.,   )      19-11612-NMG
                                )
          Defendants.           )
                                )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This action arises out of a public investment in private equity transaction ("the PIPE transaction") in which nearly 12 million new shares of Sinovac Biotech Ltd. ("Sinovac" or "defendant") stock allegedly were issued and sold to two private investors affiliated with Sinovac's founder and Chief Executive Officer, Weidong Yin ("Yin"), at below-market price.[1] Plaintiff Heng Ren Investments LP ("Heng Ren" or "plaintiff"), a minority shareholder of Sinovac, contends that by engaging in the PIPE transaction, Sinovac and Yin breached their fiduciary duties and

_____

[1] In a prior motion, Sinovac asserted that proper service had not been made upon Yin and that counsel for the company did not appear on his behalf. The pending motion likewise has been filed only on the behalf of Sinovac and no one has yet filed an appearance on behalf of Yin.

wrongfully diluted the shares of minority shareholders, divesting them of their rights.

Pending before the Court is Sinovac's motion for reconsideration of the denial, in part, of its second motion to dismiss the complaint (Docket No. 64).  For the reasons that follow, that motion will be denied.

## III.  <u>Procedural History</u>[2]

Heng Ren filed this action in the Massachusetts Superior Court for Suffolk County in May, 2019.  Sinovac timely removed the case to this Court and, after a half-dozen extensions of time, moved to dismiss the complaint on several grounds in September, 2020.  That motion was predicated, in part, on the purported failure of Heng Ren to state a claim under Antiguan law, a subject with which the Court is unfamiliar and about which Sinovac failed to apprise it.  As a result, the Court denied the motion without prejudice and instructed Sinovac that if it were to continue to invoke Antiguan law, it would need to proffer a more complete explication of the governing authority. <u>Heng Ren I</u>, 542 F. Supp. 3d at 68.

---

[2] The facts giving rise to this action have been recited by the Court at length on several occasions and it is unnecessary to reiterate them here. <u>See</u>, <u>e.g.</u> <u>Heng Ren Invs. LP</u> v. <u>Sinovac Biotech Ltd.</u>, 542 F. Supp. 3d 59, 62-64 (D. Mass. 2021) ("<u>Heng Ren I</u>").

Obliging, Sinovac filed a second motion to dismiss in July, 2021, accompanied by a declaration from an expert on Antiguan law, Satcha S-C Kissoon, and exhibits consisting of several hundred pages of pertinent statutes, judicial decisions and excerpts from treatises.  Heng Ren opposed the motion, proffering a declaration from its own expert, Leslie Thomas, and a similarly voluminous set of exhibits.

In March, 2021, the Court allowed the second motion to dismiss, in part, and denied it, in part, with the result being that Heng Ren's complaint was reduced to one count of wrongful equity dilution against Sinovac and Yin. Heng Ren Invs. LP v. Sinovac Biotech Ltd., No. 19-11612-NMG, 2022 U.S. Dist. LEXIS 38379 (D. Mass. Mar. 3, 2022) ("Heng Ren II").  Shortly thereafter, Sinovac moved for reconsideration of the denial of its motion to dismiss as to the wrongful equity dilution claim.

**III.  <u>Motion for Reconsideration</u>**

**A. Legal Standard**

The Court has "substantial discretion and broad authority to grant or deny" a motion for reconsideration. Ruiz Rivera v. Pfizer Pharm., LLC, 521 F.3d 76, 81-82 (1st Cir. 2008).  The United States Supreme Court has, however, cautioned that

> courts should be loathe to reconsider orders in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would work a manifest injustice.

Lyons v. Fannie Mae, No. 18-10365-ADB, 2019 U.S. Dist. LEXIS
74006 at *6 (citing Christianson v. Colt Indus. Operating Corp,
486 U.S. 800, 817 (1988)) (internal punctuation omitted).

A motion for reconsideration should be allowed if the
movant demonstrates 1) an intervening change in the law, 2) the
discovery of new evidence or 3) a manifest error of law. Id. at
*7.  Mere disagreement with a judicial decision is not an
adequate basis for reconsideration. Ofori v. Ruby Tuesday, Inc.,
205 F. App'x 851, 852-53 (1st Cir. 2006).  Nor is a motion for
reconsideration the vehicle for a party to "undo its own
procedural failures" or to advance arguments that should have
been made prior to judgment. United States v. Allen, 573 F.3d
42, 53 (1st Cir. 2009).  Reconsideration, in sum, is "an
extraordinary remedy which should be used sparingly". Palmer v.
Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006).

### B. Application

Sinovac seeks reconsideration of the Court's ruling that
Heng Ren has stated a direct claim for wrongful dilution under
Section 204 of the Antigua International Business Corporations
Act ("the IBCA").  It contends that since Heng Ren cannot allege
a cognizable direct injury, its claim for wrongful dilution is
derivative, rather than direct.  Because derivative claims must
be brought (at least initially) in the Antiguan courts, Sinovac
submits that Heng Ren's wrongful dilution claim, which has not

been submitted to an Antiguan court, must be dismissed. See Sinovac Biotech Ltd. v. 1Globe Capital LLC, No. 18-10421-NMG, 2018 WL 5017918 at *6 (D. Mass. Oct. 15, 2018).

In support of that argument, Sinovac proffers a proliferation of case law from Canada and Delaware that purportedly shows that Heng Ren's claim is derivative, none of which it cited in previous pleadings. As explained in Heng Ren II, although the decisions of Canadian courts do not bind their Antiguan counterparts, at least one Antiguan court has remarked upon their persuasive value with respect to the interpretation of the IBCA due to the similarity of the IBCA and the Canadian Business Corporations Act ("the CBCA"). Heng Ren II, 2022 U.S. Dist. LEXIS 38379 at *12 (citing Marcus A. Wide and Hugh Dickson v. Amicus Curiae (ANUHCVAP2015/00039, Sept. 22, 2017) at para. 26) (noting that Canada is a jurisdiction "in which the unfair prejudice legislation is most developed"). With respect to Delaware, Sinovac notes that Massachusetts courts regularly find its law instructive as to corporate issues, citing MAZ Partners LP v. Shear, 204 F. Supp. 3d 365, 373 (D. Mass. 2016), an accurate observation the import of which is considerably reduced by its lack of relevance as to the question of whether Antiguan courts would find Delaware law similarly persuasive.

In Heng Ren II, the Court looked to Canadian precedent for guidance, specifically BCE Inc v. 1976 Debentureholders [2008] 3

S.C.R. 560 (Can.) a decision issued by the Supreme Court of
Canada and proffered by plaintiff. Heng Ren II, 2022 U.S. Dist.
LEXIS 38379 at *13-15.  In consideration of that decision and
the pleading standard of the Federal Rules of Civil Procedure,
the Court concluded that Heng Ren had stated a direct claim
under Section 204 for, at least, unfair disregard of its
interests. See id. at *15.

Sinovac cited no persuasive authority instructive on the
question of whether Heng Ren had stated a direct claim under
Section 204, presumably because Sinovac relied at the time upon
the argument that the IBCA mandated an Antiguan forum (and thus
dismissal) regardless of whether a claim arising thereunder was
direct or derivative. See Docket No. 46 at 10-11.  In fact,
rather than insist that Canadian or Delaware law directed a
conclusion that the wrongful dilution claim was derivative, Mr.
Kissoon opined that he and plaintiff's expert

> agree that it is possible for the High Court to determine
> that Heng Ren's claim of wrongful dilution gives rise to a
> direct cause of action under Section 204 of the IBCA
> against Sinovac and Mr. Yin.

Docket No. 56 at 2.  Consistent with Sinovac, Mr. Kissoon
concluded, however, that the distinction was immaterial because
in either case the IBCA restricted jurisdiction to the High
Court of Antigua and Barbuda. Id. at 2-5.  As has been noted,

the Court rejected that conclusion. Heng Ren II, 2022 U.S. Dist.
LEXIS 38379 at *6-11.

The pending motion is, in essence, a belated proffer of
such authority which, Sinovac avers, demonstrates that claims
for wrongful dilution brought under Section 204 are
quintessentially derivative.  Heng Ren disagrees but contends
that, in any event, a motion for reconsideration is not the
vehicle in which to present an argument that should have been
developed earlier, citing Woo v. Spackman, 988 F.3d 47 (1st Cir.
2021).

The motion for reconsideration will be denied.  Sinovac had
ample opportunity to present any authority, Antiguan or
otherwise, which it considered pertinent to either of its
motions to dismiss.  The dearth of Antiguan case law construing
Section 204 was well known to the parties and their experts, and
it was similarly foreseeable that, if the Court were to agree
with Heng Ren that Section 204 did not mandate an Antiguan
forum, its scope would be justiciable.  In sum, Sinovac presents
no compelling reason to excuse the tardiness of its argument
and, in light of the declarations submitted by the experts and
the unsettled state of Antiguan law concerning Section 204, has
not demonstrated that the Court manifestly erred in concluding
at Heng Ren has stated a direct claim for wrongful dilution.

## IV. <u>Motion for Certification under 28 U.S.C. § 1292(b)</u>

Sinovac requests, in the alternative, that the Court certify its denial of the second motion to dismiss for interlocutory appeal and then stay this action.  The Court declines to do so.

An otherwise unappealable interlocutory order may be certified for immediate appeal if the district court concludes that it

> involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

28 U.S.C. § 1292(b).  A question of law is "controlling" if reversal of the order would terminate or significantly alter the action. <u>Philip Morris Inc.</u> v. <u>Harshbarger</u>, 957 F. Supp. 327, 330 (D. Mass. 1997).

The First Circuit Court of Appeals ("the First Circuit") does not, "as a general rule", grant interlocutory appeals from a denial of a motion to dismiss. <u>Caraballo-Seda</u> v. <u>Municipality of Hormigueros</u>, 395 F.3d 7, 9 (1st Cir. 2005) (dismissing order granting interlocutory appeal from order on motion to dismiss as improvidently granted and remanding to district court); <u>see</u> <u>Toxics Action Ctr., Inc.</u> v. <u>Casella Waste Sys.</u>, 365 F. Supp. 3d 212, 214 (D. Mass. 2019) (citing <u>Caraballo-Seda</u> and denying motion for order under § 1292).  Rather, such appeals are to be

granted sparingly and, in practice, are "hen's-teeth rare". <u>Camacho</u> v. <u>Puerto Rico Ports Auth.</u>, 369 F.3d 570, 573 (1st Cir. 2004).

There is no reason to depart from that general practice here. It is true that this case poses certain questions of law which are difficult and in some respects novel. That fact, however, suffices only to put it in the company of a multitude of other actions pending in the federal district courts. It does not present the sort of exceptional circumstances warranting certification of an interlocutory appeal and, accordingly, Sinovac's motion will be denied. <u>Caraballo-Seda</u>, 395 F.3d at 9 (explaining that interlocutory certification should be used "only in exceptional circumstances").

**ORDER**

For the foregoing reasons, the motion of defendant Sinovac Biotech Ltd. for reconsideration or, in the alternative, for certification under 28 U.S.C. § 1292(b) (Docket No. 64) is **DENIED.**

**So ordered.**

　　　　　　　　　　　　　　　 /s/ Nathaniel M. Gorton
　　　　　　　　　　　　　　　Nathaniel M. Gorton
　　　　　　　　　　　　　　　United States District Judge

Dated June 29, 2022